# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW ACKER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| RAY ANGELINI, INC. and | : | |
| AJA SKIES THE LIMIT, INC., | : | No. 14-0019 |
| Defendants, | : | |
| v. | : | |
| DDM STEEL CONSTRUCTION, LLC, | : | |
| FRANK LUBISKY d/b/a UNION ROOFING, | : | |
| and UNION ROOFING CONTRACTORS, | : | |
| INC., d/b/a UNION ROOFING, | : | |
| Third Party Defendants. | : | |

McHUGH, J.                                                                                            SEPTEMBER 29, 2017

## MEMORANDUM

This is a tort action with crossclaims in which I previously ruled that a contract for indemnity between Ray Angelini, Inc. (RAI), and Union Roofing Contractors (Union) was legally valid and enforceable under both Pennsylvania and New Jersey law. 2016 W.L. 4379246 (E.D. Pa. 2016). Following a settlement with Plaintiff Matthew Acker, acting in accordance with a procedure agreed to by the parties, I held a hearing at which I determined that Plaintiff's injuries were not solely attributable to negligence on the part of RAI, with result that RAI was entitled to indemnity from Union in the amount of $450,000.00 under the terms of the contract. (Ruling issued from the bench, July 17, 2017, Document 99). The role remaining issue is whether RAI is also entitled to counsel fees, which the parties have addressed in supplemental submissions to the court.

The record is clear that RAI itself has not expended any sums in the defense of Acker's claim. RAI's submission seeks reimbursement for costs and fees expended by its liability carrier, Travelers. Union objects on that ground that Travelers is not a party to the indemnity contract, which runs between RAI and Union. It argues that because RAI itself expended nothing on legal fees and costs, no indemnity is owed for such items. It further points out that Travelers in a party to a pending declaratory judgment in New Jersey, where the obligations of the respective carriers involved in the underlying tort case are being litigated.

RAI submits no legal authority for its position; it simply assumes that if it is entitled to indemnity, then so too is its liability carrier. But the issue before me is strictly contractual, and no language in the contract RAI seeks to enforce would extend to its carrier, a non-party to the agreement. I am persuaded by Union's argument that Travelers simply has no rights here, and for that reason will not supplement the award announced from the bench with counsel fees or costs, because RAI itself suffered no such losses.

An order will be entered entering judgment in favor of RAI in the amount of $450,000.00, and the Clerk will be instructed to mark this matter closed.

 /s/ Gerald Austin McHugh
United States District Judge